PARKER *v.* MOORE.

Plaintiff thereafter sold the automobile. Defendant counterclaimed for $2558.59 for payments which she alleges she made on the purchase of the vehicle.

The jury found that plaintiff is entitled to the possession of the automobile and defendant is entitled to recover of plaintiff and his surety the sum of $1000. Judgment was entered accordingly. Plaintiff appeals.

*Morris & Grandy for plaintiff.*
*Lake, Boyce & Lake for defendant.*

---

BERLINE CARPENTER PARKER v. ALIENE C. MOORE, ADMINISTRATRIX OF THE ESTATE OF W. BERNARD MOORE, DECEASED.

(Filed 25 November, 1964.)

**1. Infants § 6—**

Before funds belonging to infants or incompetents may be taken from them, the law requires that they be represented by a guardian, a guardian *ad litem,* or a next friend, as the situation may require.

**2. Same—**

On an *ex parte* petition filed by the minor's mother and father, the court approved the payment by the infant out of the proceeds of a life policy a sum as a credit on the funeral expenses of the insured. *Held:* The infant not being represented by a guardian *ad litem*, the court was without authority to authorize the payment, and the infant, upon attaining her majority, is entitled to recover the fund against the insured's estate.

APPEAL by plaintiff from *Crissman, J.*, July 1964 Session, RICHMOND Superior Court.

The plaintiff instituted this civil action to recover from the Estate of W. Bernard Moore the sum of $500.00 with interest from May 28, 1958. The plaintiff alleged in substance the following: On January 22, 1958, the Southern Life Insurance Company paid to the Clerk of the Superior Court for the use and benefit of the plaintiff the sum of $500.00, the amount due her as one of the beneficiaries of a policy of insurance on the life of Ernest Burr. At that time the plaintiff was a minor, 15 years of age, living with her parents. W. Bernard Moore, trading as Moore Funeral Home, conducted the funeral services at the burial of Ernest Burr.

On March 10, 1958, the mother and father of the plaintiff filed an *ex parte* petition with the clerk requesting the $500.00 in his hands belonging to their daughter be paid to W. Bernard Moore as a credit on the funeral expenses incident to the burial of Ernest Burr. The plaintiff joined in the petition. The Resident Judge of the district approved the order and the payment was made on May 28, 1958. The plaintiff was not represented either by guardian, guardian *ad litem*, or next friend.

The plaintiff became 21 years of age on February 14, 1964. On March 9, following, she filed a claim with the Administratrix of W. Bernard Moore, demanding return of the $500.00 which the Clerk had paid to Mr. Moore. Upon the denial of the claim, she filed this action on May 16, 1964. The defendant demurred on the ground the complaint failed to allege facts sufficient to constitute a cause of action. From the judgment sustaining the demurrer, the plaintiff appealed.

*Pittman, Pittman & Pittman by W. G. Pittman for plaintiff appellant.*

*Taylor & McLendon by Moran D. McLendon, Jr., and F. O'Neil Jones for defendant appellee.*

PER CURIAM. Before funds belonging to infants and incompetents may be taken from them, the law requires that they be represented by

guardian, guardian *ad litem,* or next friend, as the situation may re-
.quire. Parents as such are not authorized to divert funds belonging to
their children. The court cannot authorize such diversion until the in-
·fant or incompetent is represented in the manner provided by law. The
procedure followed here does not conform to that requirement.

By receiving the $500.00, Mr. Moore became unjustly enriched at
the plaintiff's expense. His estate should make restitution. The plain-
tiff had the right to repudiate the payment of her money when she be-
came of age. She acted promptly after her 21st birthday. The complaint
states a good cause of action. The court committed error in sustaining
the demurrer. The defendant will be permitted to answer.

Reversed.